IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                    Plaintiff,                       ORDER

           v.                           97-cr-74-bbc-2

NICHOLAS MARTINEZ,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Nicholas Martinez's supervised release was held on January 30, 2013, before U.S. District Judge Barbara B. Crabb.  The government appeared by U.S. Attorney John W. Vaudreuil.  Defendant was present in person and by counsel, Associate Federal Defender Erika L. Bierma.  Also present was U.S. Probation Officer Michael J. Nolan.

From the record and the parties' stipulation, I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on April 28, 1998, following his conviction for conspiracy to distribute cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. § 846(g)(1).  This offense is a Class A felony.  He was

committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 250 months, with a five-year term of supervised release to follow.  On June 10, 2008, defendant's sentence was reduced to 188 months' imprisonment followed by a five-year term of supervised release.  On October 17, 2011, defendant's sentence was reduced to time served effective November 1, 2011, followed by a five-year term of supervised release.  Defendant began his term of supervised release on November 1, 2011.

Defendant violated Standard Condition No. 7 and Special Condition No. 2, which prohibit illegal drug use, as evidenced by urine specimens he submitted on January 11, 2012 and December 12, 2012, which tested positive for marijuana. He violated the mandatory condition, prohibiting him from committing another federal, state or local crime; Standard Condition No. 7, prohibiting the excessive use of alcohol; Special Condition No. 2, prohibiting him from the use of alcohol, as evidenced by his arrest on June 4, 2012 for operating while under the influence of an intoxicant (resulting in his conviction in the Beloit, Wisconsin, Municipal Court, on Citation No. P813747-4) and a second arrest on August 10, 2012, for operating while intoxicated 2d (resulting in his conviction in the Circuit Court for Rock County, Wisconsin, in case no. 2012TR015477).

Defendant violated Special Condition No. 6, requiring him to spend up to 120 days in a residential reentry center, when he was terminated on December 7, 2012 from his placement at Rock Valley Community Programs, Inc. for misconduct.

2

Defendant's conduct falls into the category of Grade C violations. Section 7B1.3(a)(2) of the advisory guidelines gives the court discretion to revoke supervised release, extend it or modify the conditions of supervision.

CONCLUSIONS

Defendant's violations warrant revocation. Defendant's criminal history category is IV. With Grade C violations, he has an advisory guideline imprisonment range of 6 to 12 months. The statutory maximum to which he can be sentenced upon revocation is five years under 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than five years if the offense for which defendant was sentenced previously was a Class A felony.

After reviewing the non-binding policy statements of chapter 7 of the Sentencing Guidelines, I have selected a sentence just above the guideline range. The intent of this sentence is to hold defendant accountable for his violations and to protect the community.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on April 28, 1998, affirmed on June 10, 2008, and on October 17, 2011, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of imprisonment of 12 months and one day, with three years' supervised release to follow. All standard and special conditions of supervised release previously imposed shall remain in effect, including

3

Special Condition No. 5, requiring defendant to participate in mental health counseling, and Special Condition No. 6, requiring defendant to spend up to 120 days in a residential reentry center upon release from his term of imprisonment.

Defendant is neither a flight risk nor a danger to the community.  Accordingly, execution of the sentence of imprisonment only is stayed until March 6, 2013, between the hours of noon and 2:00 p.m.,  when defendant is to report to an institution to be designated by further court order.  The present release conditions are continued until March 6, 2013.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration and supervision.

Entered this 30th day of January, 2013.

BY THE COURT:

/s/

Barbara B. Crabb

U.S. District Judge